953 F.2d 349
 Floyd Dewayne JOHNSON, Appellant,
v.
Dick BUSBY, Individually and as Sheriff of Crittenden
County, Arkansas; Joe Hill, Individually and as Assistant
Jailer of Crittenden County, Arkansas; Ronnie Rogers,
Individually and as Jailer of Crittenden County, Arkansas, Appellees.
 No. 91-1461EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 11, 1991.
Decided Dec. 24, 1991.
Publication Ordered Jan. 7, 1992.
 
 Martha P. Gilpatrick, Jonesboro, Ark., for appellant.
 Joe M. Rogers, West Memphis, Ark., for appellees.
 Before JOHN R. GIBSON, WOLLMAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Floyd Dewayne Johnson appeals from the district court's[1] judgment upon a jury verdict finding defendants, jailers Joe Hill and Ronnie Rogers and Sheriff Dick Busby, did not violate Johnson's constitutional rights while he was a pretrial detainee, as alleged in his section 1983 action. Johnson claimed defendants ignored his warnings that he was at risk of assault and denied him adequate medical treatment after he was attacked by other prisoners. We affirm.
 
 
 2
 Prior to trial, Johnson's appointed counsel informed the court that she intended to call all three defendants in her case-in-chief and to examine them using the following documents: (1) the minimum jail standards for Arkansas county jails; (2) a 1987 investigative report of the Civil Rights Division of the Office of the Assistant Attorney General of the United States alleging constitutional violations at the jail; and (3) a consent decree entered in the United States District Court for the Eastern District of Arkansas on December 26, 1990, which resulted from the Attorney General's investigation and was signed by representatives of the County of Crittenden, including Sheriff Busby, and the United States. The district court ruled that the jail standards and the investigative report could not be used for any purpose and the consent decree could not be entered as evidence, but could be used to impeach defendant Sheriff Busby.
 
 
 3
 Johnson's counsel rested without calling the defendants because she mistakenly believed defense counsel had agreed to call all three defendants. Defense counsel rested without calling Sheriff Busby, however, and the court refused to allow Johnson to reopen his case to call Busby because it believed Busby's testimony would be cumulative. Johnson's counsel conceded it would be largely cumulative and did not identify any noncumulative proof she sought to obtain from Busby's testimony.
 
 
 4
 In its jury instructions the court explained that the defendants were liable if the jury found they had been deliberately indifferent to Johnson's serious medical needs. The court then defined a "serious medical need" as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." This instruction was taken from the comments to draft instruction number 403 of the Manual of Model Civil Jury Instructions for the Eighth Circuit.
 
 
 5
 On appeal, Johnson argues the court erred in limiting his use of the jail standards, investigative report, and consent decree. He further argues the court erred by not allowing him to reopen his case and call Busby, and by improperly defining "serious medical needs" in the jury instruction.
 
 
 6
 A trial court's determination that evidence is unfairly prejudicial is reviewed only for abuse of discretion. O'Dell v. Hercules, Inc., 904 F.2d 1194, 1203 (8th Cir.1990). The district court did not abuse its discretion by excluding the jail standards and investigative report and limiting the use of the consent decree to impeachment. Jail standards, although helpful and relevant in some cases, do not represent minimum constitutional standards. Cf. Rhodes v. Chapman, 452 U.S. 337, 348-49 n. 13, 101 S.Ct. 2392, 2400 n. 13, 69 L.Ed.2d 59 (1981) (experts' opinions as to desirable prison conditions do not establish constitutional standards). As the district court noted, admitting such standards would tend to mislead and confuse the jury as to the relevant standard of conduct, and such confusion might not be entirely remedied by a limiting instruction. The investigative report tended to prove a pattern of similar constitutional violations; however, the report's relevance was questionable because it substantially predated Johnson's incarceration and defendant Busby's January 1, 1989, appointment as sheriff. Moreover, the district court was legitimately concerned about the report's trustworthiness and the risk of unfair prejudice.
 
 
 7
 The consent decree was executed after the alleged violations. Thus, it would only have tended to show a pattern of similar constitutional violations. The consent decree expressly disclaimed any admission of liability and was not signed by defendants Hill and Rogers. The district court did not abuse its discretion in finding the consent decree more prejudicial than probative and limiting its use to impeachment of defendant Busby.
 
 
 8
 The district court did not abuse its discretion in denying Johnson's request to reopen his case and call defendant Busby. See O'Dell, 904 F.2d at 1203 (trial court's control of witnesses and examination is reviewed only for abuse of discretion). Although Johnson's counsel was surprised by defense counsel's decision not to call Busby, she failed to specify any noncumulative evidence she sought to elicit from examination of Busby.
 
 
 9
 Finally, the instruction defining serious medical need was proper. Defendants could not act with deliberate indifference to medical problems that were not obvious or diagnosed.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas