989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Claude O. ONLEY; Byron Reagan, also known as Earnest Byron
Reagan; Plaintiffs,
David Alan ANDERSON, Plaintiff-Appellant,
v.
James DANLEY, Green County Sheriff, Paragould, Arkansas;
Ronnie Huey, Sheriff, Wynne, Arkansas; Jerry Shipman;
Donald Lambert; Betty Ring; O. E. Bradsher; Paul Kellim;
Chester Shirley; Tommy Kueter; Edward Reese; O'Neal
Kappelman; Robert Reeves; D. D. Kennemore; Bill Lovelady,
Defendants-Appellees.
David Alan ANDERSON, Plaintiff-Appellant,
v.
James DANLEY, Sheriff, Paragould, Arkansas; Ronnie Huey,
Sheriff, Wynne, Arkansas; Jerry Shipman; Donald Lambert,
member of Greene County Quorum Court; Betty Ring, member of
Greene County Quorum Court; O. E. Bradsher, member of Greene
County Quorum Court; Paul Kellim, member of Greene County
Quorum Court; Chester Shirley, member of Greene County
Quorum Court; Tommy Kueter, member of Greene County Quorum
Court; Edward Reese, member of Greene County Quorum Court;
O'Neal Kappelman, member of Greene County Quorum Court;
Robert Reeves, member of Greene County Quorum Court; D. D.
Kennemore, member of Greene County Quorum Court; Bill
Lovelady, member of Greene County Quorum Court, Defendants-Appellees.
 No. 92-2921.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 3, 1993.
Filed: March 30, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Anderson appeals pro se the district court[1] judgment entered for defendant county officials in his 42 U.S.C. § 1983 action claiming unconstitutional jail conditions. We affirm.
 
 
 2
 In his complaint, Anderson protested various conditions of confinement at the Greene County Jail where he was incarcerated for seven days after his arrest for state parole violation. The district court appointed counsel for him, consolidated his case with another, and set the matter for trial. Just prior to trial, the court granted defendants' motion to exclude "Arkansas Jail Standards" and performance evaluations of the jail because they were not relevant to constitutional standards. At trial, the court directed a verdict for Greene County Judge Jerry Shipman at the close of plaintiff's case. The jury returned a verdict in favor of Greene County Sheriff James Danley.
 
 
 3
 On appeal, we understand Anderson to argue that the directed verdict and the jury verdict were not supported by the evidence, his counsel rendered ineffective assistance, and the district court erred in its pretrial evidentiary ruling.
 
 
 4
 Anderson is proceeding in forma pauperis. He has neither provided nor requested a transcript of the trial. See Fed. R. App. P. 10(b). Thus, we do not review his challenges to the directed verdict and the jury verdict. See Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988). We further note that there is no right to effective assistance of counsel in a civil case. See Fruit v. Norris, 905 F.2d 1147, 1150 n.6 (8th Cir. 1990). Finally, we conclude that in excluding the jail standards and performance evaluations, the district court did not abuse its discretion. See Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991) (per curiam) (within court's discretion to exclude jail standards which do not represent minimum constitutional standards and may mislead and confuse jury).
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas