_____

No. 95-3713
_____

Guy C. Barnes,                          *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
     v.                                 *   District Court for the
                                        *   Western District of Arkansas.
Gary Grimes; Jim Rush,                  *           [UNPUBLISHED]
                                        *
            Appellees.                  *
_____

            Submitted:  October 25, 1996

               Filed:  October 31, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Guy C. Barnes, formerly an inmate in the Sebastian County jail (the
jail), appeals from the district court's[1] judgment in favor of defendants
following a bench trial in his 42 U.S.C. § 1983 action.  We affirm.

     Barnes filed this section 1983 action against Gary Grimes, the
Sheriff of Sebastian County, and Jim Rush, the Deputy Jail Administrator.
On August 23, 1994, Barnes was attacked with a broken-off broom handle by
Scott Scanlon, a federal detainee, while housed in BB pod in the jail.
Deputy Joseph Simpson intervened to stop the attack.  Barnes alleged
failure to protect, in that Simpson did not intervene in a timely manner,
inmates' access to

_____

     [1]The Honorable Beverly R. Stites, United States Magistrate
Judge for the Western District of Arkansas, to whom this case was
referred for final disposition by consent of the parties pursuant
to 28 U.S.C. § 636(c).

cleaning supplies was not properly supervised, and Barnes should not have been housed with violent inmates or federal inmates. Barnes also alleged that defendants denied him medical care following the assault and failed to investigate and file charges against the attacker.

We conclude that the district court was correct in determining that defendants were not liable on Barnes's failure-to-protect claim. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (findings of fact reviewed for clear error; whether conduct violated Eighth Amendment reviewed de novo). Barnes admitted that he had had no prior problems with Scanlon, nor did he show any previous problems at the jail due to the inmates' access to cleaning supplies. Also, Barnes made no showing that defendants' classification system or housing arrangements created a pervasive risk of harm. See Farmer v. Brennan, 114 S. Ct. 1970, 1977, 1979 (1994) (inmate must show that official knew of and disregarded substantial risk of serious harm); cf. Jensen v. Clarke, 94 F.3d 1191, 1198 (8th Cir. 1996) (district court did not clearly err in finding inmates suffered pervasive risk of harm by being randomly placed in double cells). Barnes showed no basis for holding Grimes or Rush liable for Simpson's alleged delay in responding. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisor cannot be held liable on respondeat superior theory). In any event, the district court credited Simpson's testimony that he responded immediately when the attack occurred. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (credibility determination virtually never clear error).

In light of Rush's testimony that he saw no immediate need for care, the district court did not err in finding that Barnes did not have any obvious injuries. See Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991) (per curiam) (medical need "serious" if obvious or diagnosed); Anderson, 470 U.S. at 575. Barnes did not dispute that Rush left him in the charge of other jailers who provided medical

treatment, and he did not prove that defendants refused any subsequent requests for medical attention, or that he suffered any serious consequences from lack of treatment.  See Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (injury must be objectively serious; lack of treatment must have detrimental effect to satisfy objective component).

Finally, the district court correctly found that defendants were not constitutionally liable for the failure to prosecute Scanlon for the attack.  As Barnes did not dispute Rush's testimony that Rush turned the incident over to the county criminal investigation office for investigation, he did not show that defendants intentionally failed to investigate the attack.  See Chapman v. Musich, 726 F.2d 405, 407 (8th Cir.) (in § 1983 action for failure to investigate, defendant's actions must be intentional), cert. denied, 469 U.S. 931 (1984).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.