Oscar L. FINLEY, Plaintiff,

v.

George TRENT, Warden; Richard P. Lohr, Chief of Security; Tammy J. Bober, Unit Manager of Infirmary, in their official and individual capacities, Defendants.

Civil Action No. 2:94cv132.

United States District Court, N.D. West Virginia.

Feb. 28, 1997.

644

Plaintiff, Mount Olive, WV, pro se.

Jill Jerabek, Asst. Atty. Gen., Charleston, WV, Leslie K. Kiser, Asst. Atty. Gen., Charleston, WV, for defendants.

## ORDER

MAXWELL, District Judge.

Plaintiff, a state prisoner proceeding *pro se* in the above-styled civil rights action, seeks to pursue his remedies in this Court pursuant to 42 U.S.C. § 1983.[1] On November 20, 1995, the defendants filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment, which the Court has determined will be construed as a Motion for Summary Judgment and considered pursu-

---

1. In his complaint, the plaintiff charges that the defendants, from on or about June 23, 1994, to on or about June 29, 1994, were deliberately indifferent to plaintiff's serious medical needs. Plaintiff seeks monetary damages, injunctive relief, and an order prohibiting retaliation against the plaintiff and the correctional officers who will testify on his behalf.

ant to Rule 56, Federal Rules of Civil Procedure.

In their Motion for Summary Judgment, the defendants argue that (1) the plaintiff has failed to state a claim upon which relief can be granted; (2) the claims for monetary damages are barred by the Eleventh Amendment; (3) the defendants acted in good faith and are entitled to qualified immunity; (4) as to defendant Trent, the doctrine of respondeat superior is not applicable to section 1983 actions; and (5) plaintiff's claims for injunctive relief are moot.

Plaintiff was provided with notice of an opportunity to respond to the motion. *See, Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) (*pro se* litigant must be given meaningful notice of opportunity to respond to a motion for summary judgment). Plaintiff was also advised of his right to submit affidavits or any other materials which would tend to show that he has alleged a cognizable cause of action against the defendants and that material facts remain in dispute. On February 7, 1996, the plaintiff filed a response to defendants' motion.

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir.1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

■ Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).[2] In this context, the Supreme Court in *Estelle* recognized three ways prison officials may be found to violate the Eighth Amendment. First, prison doctors may be indifferent toward a prisoner's medical needs; second, employees may intentionally deny or delay an inmate's access to medical care; and third, prison employees may intentionally interfere with prescribed treatment. *Id.* at 104–105, 97 S.Ct. at 291–292.

The Fourth Circuit Court of Appeals has held that a medical treatment claim cannot be brought against non-medical personnel unless they were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn,* 896 F.2d 848 (4th Cir.1990); *Slakan v. Port-*

---

**2.** Mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim. *Id.* at 105–06, 97 S.Ct. at 291–92. In addition, a cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between an inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985).

*er,* 737 F.2d 368 (4th Cir.1984); *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979).

As the Court understands the plaintiff's complaint, he is alleging that the defendants, despite their knowledge of his medical condition, intentionally delayed his access to medical care for six (6) days which caused him considerable pain and that the defendants interfered with prescribed treatment, that is, they ignored a physician's recommendation that the defendant not be placed in handcuffs. The propriety of a delay in providing medical care must be measured against the severity and immediacy of the medical condition involved. *Loe v. Armistead,* 582 F.2d 1291 (4th Cir.1978). Conditions or delays that cause or perpetuate pain may also show serious medical need. *Id.*

Defendants appear to suggest that plaintiff's condition did not present a serious medical need and that, therefore, he has failed to state a cause of action upon which relief can be granted.[3] A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Sheldon v. C/O Pezley,* 49 F.3d 1312, 1316 (8th Cir.1995)(*quoting Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir.1991)). It has also been said that "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir.1992) (citations omitted).

The defendants have not refuted that plaintiff was receiving continuous medical treatment for an arthritic condition. Prison employees may not intentionally interfere with treatment once prescribed. *Estelle,* 429 U.S. at 104–05, 97 S.Ct. at 291–92. Given the record before the Court, plaintiff has made a prima facie case that he has a

medical condition which requires treatment, that this condition significantly affects his daily activities, and that he suffers chronic pain as a result of this condition. It does not appear, therefore, that summary judgment on the issue of whether plaintiff possessed a "serious medical need" would be appropriate.

To establish a constitutional violation, a claimant must prove that, objectively assessed, he had a "sufficiently serious" medical need to require medical treatment, and that a prison official, subjectively aware of the need and of its seriousness, nevertheless, acted with "deliberate indifference" to it by declining to secure available medical attention. *Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 297–98, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991).

The Supreme Court clarified the meaning of "deliberate indifference" in *Farmer v. Brennan.* Justice Souter, writing for the majority, explained that an Eighth Amendment claimant must show that a prison official acted or failed to act despite his knowledge of a substantial risk of serious harm. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. *Id.* at 842, 114 S.Ct. at 1981. Given the factual issues in dispute, it is believed that plaintiff has stated a cognizable claim which can only be resolved by the ultimate fact finder and cannot be disposed of by summary judgment.

With regard to the immunity defenses raised in the motion, plaintiff's complaint expressly states that defendants are sued in their official and individual capacities. In *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that state officers acting in their official capacities are entitled to immunity from liability under the Eleventh Amendment. Therefore, the defendants are entitled to dismissal of the complaint to the extent that it

---

**3.** Defendants have submitted a letter which suggests that plaintiff suffers only from mild arthritis which could not bring about the pain plaintiff claims to have suffered.

seeks to impose liability against the defendants in their official capacities.

However, with respect to liability in their individual capacities, the defendants are not entitled to dismissal of the allegations on the basis of qualified immunity. Public officials are free from liability for monetary damages if they can prove that their conduct did not violate clearly established statutory rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 815–16, 102 S.Ct. 2727, 2736–37, 73 L.Ed.2d 396 (1982); *American Civil Liberties Union, Inc. v. Wicomico County,* 999 F.2d 780 (4th Cir.1993). In considering entitlement to the defense of qualified immunity, the Court must make three determinations:

1) Identification of the specific right allegedly violated;

2) Determining whether at the time of the alleged violation the right was clearly established so as to alert a reasonable officer to its constitutional parameters; and

3) Determining whether a reasonable officer could have believed that his conduct was lawful.

*Pritchett v. Alford,* 973 F.2d 307, 312 (4th Cir.1992).

The first and second prongs of the *Pritchett* test present pure questions of law. As stated by the Fourth Circuit, "[i]n determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." *Pritchett,* 973 F.2d at 312 (citation omitted); *Taylor v. Waters,* 81 F.3d 429, 433 (4th Cir.1996). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir.1997).

Therefore, the right allegedly violated cannot be evaluated in general terms, such as the right to be free from deliberate indifference to serious medical needs. Rather, the Court must determine whether it was "clearly established" in 1994 that prison officials could not deliberately impose a six-day delay in providing medically necessary treatment to a prisoner who has an arthritic condition for which he was receiving ongoing medical treatment. The Court finds that the right to prompt medical attention for a serious medical need was clearly established in 1994. As previously noted, a factual dispute exists with regard to whether plaintiff's condition was sufficiently serious and whether plaintiff was unnecessarily exposed to significant pain.

Under these circumstances, the Court must determine whether a reasonable officer could have believed that his conduct was lawful given the allegations raised in the complaint. Believing that material facts are in dispute, the Court cannot find that defendants are entitled to qualified immunity as a matter of law. Summary judgment based upon qualified immunity is inappropriate "where what actually happened ... need[s] to be resolved by the trier of fact in order to reach a decision on the applicability of qualified immunity." *Lowery v. Stovall,* 92 F.3d 219, 222 (4th Cir.1996), quoting, *Rainey v. Conerly,* 973 F.2d 321, 324 (4th Cir.1992).

Defendant Trent also urges that plaintiff has not met the heavy burden of proof required to impose supervisory liability. Correctly noting that the doctrine of respondeat superior is inapplicable to suits under § 1983, defendant Trent suggests that plaintiff has failed to show defendant Trent's knowledge of, or participation in, the alleged violative acts. In his response, plaintiff avers that he personally spoke with defendant Trent and that defendant Trent was aware of plaintiff's medical condition but failed to act. Although defendant Trent may ultimately be entitled to judgment as a matter of law, the record is not sufficiently developed to make such a ruling at this time. Having considered all matters of record, it is

**ORDERED** that defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, which has been construed and considered as a Motion for Summary Judgment, be, and the same is hereby, **GRANTED** to the extent that the complaint seeks to impose liability against the defendants in their official capacities contrary to the mandate of *Will v. Michigan Department*

*of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). It is further

**ORDERED** that defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, which has been construed and considered as a Motion for Summary Judgment, be, and the same is hereby, **DENIED** to the extent that the complaint seeks to impose liability against the defendants in their individual capacities. It is further

**ORDERED** that plaintiff's Motion for Summary Judgment, filed September 4, 1996, be, and the same is hereby, **DENIED.** It is further

**ORDERED** that plaintiff's Motion to Remove/Discharge as Counsel for the Defendants, the Office of Attorney General of West Virginia, filed April 19, 1995, be, and the same is hereby, **DENIED** as frivolous. It is further

**ORDERED** that plaintiff's Motion for Temporary Restraining Order, filed October 21, 1994; Motion for Temporary Restraining Order, filed December 1, 1994; Motion Under FRCP 65(a), filed April 5, 1995; and Motion for Temporary Restraining Order, filed April 10, 1995 be, and the same are hereby, **DENIED** as moot.

▮▮▮ A myriad of discovery motions are pending. In civil rights cases, pro se litigants are entitled to the use of discovery procedures on the same terms as litigants represented by counsel. *Kirby v. Blackledge* 530 F.2d 583, 588 (4th Cir.1976). The burden is on the person objecting to discovery—in this case the defendants—to show that discovery should not be allowed. *Castle v. Jallah,* 142 F.R.D. 618, 620 (E.D.Va.1992). The Court believes that a limited period of discovery should be allowed prior to scheduling a trial in this matter. Accordingly, it is

**ORDERED** that plaintiff's Motion for Production of Documents, filed February 13, 1995 be, and the same is hereby, **GRANTED.** Said records shall be provided within thirty (30) days from the date of this Order. It is further

**ORDERED** that plaintiff's Motion to Compel Answers to Plaintiff's First Set of Interrogatories, filed March 8, 1995 be, and the same is hereby, **GRANTED.** Said answers shall be provided to plaintiff within sixty (60) days from the date of this Order. It is further

**ORDERED** that plaintiff's Motion to Take the Deposition of the Named Defendants, filed February 13, 1995 be, and the same is hereby, **DENIED,** without prejudice to reconsideration in the event the Court's suggested alternative fails to elicit all of the information which plaintiff seeks. The Court suggests that, in lieu of depositions, plaintiff shall submit to counsel for defendants the questions he would propose to ask in a formal deposition. Plaintiff shall legibly write the questions and shall number each question. Counsel for defendants shall be responsible for obtaining written answers, sworn to by the deponent, to the questions which are propounded by plaintiff. Said written answers shall be provided to plaintiff within forty-five days after receipt of the questions. It is further

**ORDERED** that discovery shall be completed in this matter on or before *May 30, 1997.* The Court anticipates scheduling a trial date in this matter in June 1997.