**HDSHERER LLC and Hugh Duncan Sherer, Plaintiffs,**

v.

**NATURAL MOLECULAR TESTING CORPORATION, Defendant.**

**Civil Action No. 2:13–cv–561–PMD.**

United States District Court, D. South Carolina, Charleston Division.

July 31, 2013.

Daryl G. Hawkins, Daryl G. Hawkins Law Office, Columbia, SC, for Plaintiffs.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court upon Defendant Natural Molecular Testing Corporation's ("Defendant" or "NMTC") Motion for a Protective Order and to Quash Subpoenas ("Motion"). The parties have fully briefed the issues, and the Court finds that additional oral argument is unnecessary for their resolution. Accordingly, for the reasons that follow, the Court grants Defendant's Motion.

## BACKGROUND

On or about June 4–17, 2013, Plaintiffs served third-party subpoenas on eighteen of Defendant's customers. Each subpoena includes an identical request for documents. The requested documents are: (1) each and every contract or agreement entered into with Defendant, from January 1, 2011 to the present; and (2) all correspondence and documentation (such as a check) received from Defendant regarding payments, since June 1, 2012.[1]

Pursuant to Federal Rule of Civil Procedure 26 and 45, Defendant claims that the requested documents are irrelevant, overly broad, and burdensome. Defendant also claims that the request, if deemed relevant, may be executed by Defendants. Lastly, Defendant argues that Plaintiffs' service of subpoenas on these third parties both harms and embarrasses Defendant as its customers "are extremely sensitive to payment issues in light of the significant government regulation in this area and the fear of being associated in any way with allegations of healthcare fraud and abuse, which can lead to civil and criminal penalties." Def.'s Mot. 6; *see also* Declaration of Mark Haley, Exh. 2.

Plaintiffs claim that the requested documents are relevant to establish: (1) what Defendant represents to customers; (2) whether misrepresentations have been made by Plaintiff regarding Defendant's business activities; (3) whether business has been lost; and (4) whether Plaintiffs' actions have damaged Defendant's assets. Plaintiffs also argue that Defendant cannot be trusted to provide full and complete documentation. It is unclear whether Plaintiffs challenge Defendant's standing. *See* Pls.' Opp. Memo. 2 ("Defendant's motion should be considered moot as no subpoenaed party has timely raised any objection to any subpoena.").

## DISCUSSION

### I. Defendant's Standing to Challenge Plaintiffs' Subpoenas Duces Tecum

■ "Before addressing the merits of [Defendant's] Motion, the Court must first determine whether [Defendant] has standing to attempt to quash the applicable subpoenas duces tecum." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 239 (E.D.Va. 2012). "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed.Appx. 740, 744 (4th Cir. 2005); *see also Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D.Va.2004).[2] Notably, however, Defendant has also made a motion for a protective order under Rule 26; therefore, Defendant has standing to challenge the subpoenas under Rule 26 standards, "regardless of whether [it has] standing to bring a motion to quash under Rule 45." *Singletary*, 289 F.R.D. at 240 n. 2 (collecting cases). Under Rule 26(c), "a party may move for a protective order to protect itself from 'annoyance, embarrassment, oppression, or undue burden or expense,' regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty, as long as the moving party

---

1. Each subpoena instructs Defendant's customers to redact any patient information.

2. Defendant states that the "subpoenas will cause the physician group customers to have to expend significant time and resources," all because of their relationship with NMTC. Def.'s Mot. 6. Thus, Defendant contends that it has a "claim of personal right" in protecting the relationships with its customers. *Id.*

can tie the protected information to an interest listed in the rule...." *Firetrace USA, LLC v. Jesclard*, No. cv–07–2001, 2008 WL 5146691, at *2 (D.Ariz. Dec. 8, 2008). Here, it is more than likely that the subpoenas, based on the types of documents sought, will cause a degree of harm to Defendant's customer relationships that is sufficient to satisfy the interest requirement of Rule 26(c). *See e.g., Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12–40007–FDS, 2012 WL 1358662, at *10 (D.Mass. Apr. 18, 2012). Therefore, the Court finds that Defendant has standing.

## II. Plaintiffs' Subpoenas Duces Tecum are *not* Irrelevant or Overbroad.

 Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. *Cook v. Howard*, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); *see also Barrington v. Mortage IT, Inc.*, No. 07–61304–CIV, 2007 WL 4370647, at *3 (S.D.Fla. Dec. 10, 2007) (collecting cases). Thus, regardless of whether the Court considers Defendant's Motion under Rule 45 or Rule 26, the Court must review Plaintiffs' subpoenas duces tecum under the relevancy standards set forth in Rule 26(b).

 Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed. R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Notably, the court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* at

26(b)(2)(C). As such, the court may quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 612 (E.D.Va.2008); *see also Sirpal v. Wang*, No. WDQ–12–0365, 2012 WL 2880565, at *5 (D.Md. July 12, 2012). Further, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed. R.Civ.P. 26(c)(1). Likewise, Rule 45(c)(3) requires the court to quash a subpoena that "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3); *see also Cook*, 2012 WL 3634451, at *6 n. 7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Cook*, 2012 WL 3634451, at *6 n. 7. Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *In re Subpoena Duces Tecum.*, 550 F.Supp.2d at 612.

 Additionally, the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. *See Finley v. Trent*, 955 F.Supp. 642, 648 (N.D.W.Va.1997) (citing *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D.Va.1992)).

Defendant seeks a protective order quashing the eighteen subpoenas duces tecum that Plaintiffs have served on Defendant's customers. To support its contention that the information sought is irrelevant to the claims and defenses in this action, creating an undue burden on it, Defendant states only that Plaintiff Mr. Sherer "had no contact whatsoever with any of the NMTC customers for which he has issued subpoenas." Def.'s Mot. 5. Even assuming this statement to be true, the Court is not persuaded that this fact alone renders the requested documents irrelevant.

Defendant terminated Plaintiff Mr. Sherer for his misrepresentation and/or allowing misrepresentation of Defendant's products and services and for damaging Defendant's assets, among other things. Plaintiffs con-

tend that they "have never misrepresented any of the company services, nor has [Mr. Sherer] participated in any action that would be materially injurious to the company, and that any representations allegedly made are consistent with NMTC's numerous contracts with physician groups." Pls.' Opp. Memo. 6. Therefore, Plaintiffs argue that "[g]etting the contracts/agreements and payment information is the first step in acquiring documentation which is *both* relevant and likely to lead to other discoverable evidence (e.g., that the contracts are still in existence)." *Id.* (emphasis in original).

Based on the foregoing, the Court finds that Defendant has failed to meet its burden establishing that the documents sought by the subpoenas duces tecum directed to Defendant's customers are irrelevant to any claim or defense herein. Moreover, the subpoenas are not overly broad on their face as the requests are limited in time and scope. *See* Def.'s Mot., Exh. 1.

Despite these findings, however, Rule 26(b) commands that this Court limit discovery when the information sought can be obtained from a more convenient source. *See* Fed.R.Civ.P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...."). It is undisputed that all of the information sought by Plaintiffs in the subpoenas duces tecum involves contracts, communications, and payments to which Defendant is a party. As such, all of the information sought by Plaintiffs directly concerns Defendant and would be in Defendant's possession. Defendant, therefore, argues that there is "no reason for the Court to permit Mr. Sherer to harm NMTC's relationships with its customers in order to obtain information that, if discoverable, would be available under the discovery rules applicable to the parties in this action." Def.'s Mot. 7. The Court agrees and finds that Defendant has not acted in any manner to suggest that it cannot be trusted to provide Plaintiffs with the documents sought in the subpoenas.

*CONCLUSION*

For the foregoing reasons, Defendant's Motion is **GRANTED**; provided, however, that in lieu of a protective order, the Court hereby **QUASHES** the eighteen subpoenas duces tecum identified in Defendant's Motion, without prejudice to their renewal should Defendant fail to produce the documents requested in each subpoena to Plaintiffs within **30 days** from the date of this order.

**AND IT IS SO ORDERED.**