**VAUGHAN FURNITURE COMPANY INCORPORATED, Plaintiff,**

v.

**FEATURELINE MANUFACTURING, INC.; Biz & Associates, Inc.; Woodcrest Furniture Company, Inc.; and Catalina Furniture Company, Inc., Defendants.**

**No. 6:92CV00379.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

May 4, 1994.

Norwood Robinson, Michael Lindsay Robinson, Robinson Maready Lawing & Comerford, Winston–Salem, NC, for Vaughan Furniture Co., Inc.

T. Paul Hendrick, Sherry Rose Dawson, Richard V. Bennett, Hendrick, Zotian, Bennett, Cocklereece & Blancato, Winston–Salem, NC, for Featureline Mfg., Inc., Catalina Furniture Co., Inc., Biz & Associates, Inc., Woodcrest Furniture Co., Inc.

Robert B. Smith, Jr., Smith, Penry and Penry, Lexington, NC, for Cranford Silk Screen Process, Inc.

Blas P. Arroyo, Bell, Seltzer, Park & Gibson, P.A., Charlotte, NC, Robert William Glatz, James R. Cannon, Bell, Seltzer, Park & Gibson, P.A., Raleigh, NC, for Terry W. Green, Jim Eades, Fluoroglas Corp.

### ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on defendants' motion to compel two non-parties to supply documents pursuant to Fed. R.Civ.P. 45. Other parts of the motion are disposed of by a separate order. In this action, plaintiff contends defendants infringed its trademark/dress and copyright.

One of the subpoenas is directed to the Records Custodian of Cranford Silk Screen Process, Inc. The subpoena seeks all documents relating to plaintiff, its Farm House Collection of furniture and the copyrighted decals which Cranford Silk made for plaintiff. It also seeks all files which relate to any furniture company for which Cranford Silk has produced decals.

Defendants also subpoenaed the Records Custodian of a law firm, Rhodes, Coats & Bennett. This subpoena seeks all files which relate to the plaintiff and its Farm House Collection, including documents from plaintiff's litigation attorneys' law firm, Robinson, Maready, Lawing & Comerford, and all files which refer or relate in any way to "any opinions Howard A. McCord and/or Robert C. Rhodes have developed, discussed or expect to testify to at the trial of this action; and all files which refer or relate to [plaintiff or defendants and certain of their furniture

lines]." Both subpoenas were served two days before the production date of October 28, 1993.

### I.

#### Subpoena to Non–Party Cranford Silk

Non-party Cranford Silk filed timely objections to the subpoena. It objected on the grounds that the person on whom the subpoena was served is not its Records Custodian, the material sought was not relevant, the subpoena did not allow enough time for compliance, and that the records contain trade secrets and confidential research, development and commercial information which should be protected by a protective order.

Thereafter, on December 10, 1993, Cranford Silk filed a motion to quash the subpoena, alleging again that the person served is not the Records Custodian and again making a conclusory allegation that the records sought are confidential business records. It added a claim that production of the decals for inspection would be burdensome and oppressive.

■ As to the burdensomeness claim, non-party Cranford Silk did not support its objection or motion with any showing, such as through affidavits, which sets out in detail the expenses which would be involved, as it was required to do. *In re Letters Rogatory,* 144 F.R.D. 272, 278 (E.D.Pa.1992). Therefore, this objection is overruled.

■ The claim that the subpoena requests privileged documents suffers from the same deficiency of being conclusory as does the burdensomeness objection. In order to press such a claim, Cranford Silk is required to give defendants a "description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim." Fed.R.Civ.P. 45(d)(2). A review of Cranford Silk's objections show they are conclusory and do not give this detailed information about the documents which would enable defendants to contest the claim, much less enough for the Court to rule on it. Therefore, the Court finds Cranford Silk's objec-

tion to the subpoena on the grounds that it encompasses privileged documents to be conclusory and insufficient to withstand the motion to compel or to sustain the motion to quash the subpoena.[1]

■ The next matter involves Cranford Silk's contention that the subpoena is invalid because defendants served an employee named Judy Inman and she is "not the Records Custodian of Cranford Silk Screen Process, Inc." (Pleading No. 119) Petitioner Cranford Silk does not elaborate on this objection. Therefore, the Court is hard pressed to discern the reason behind it.

■ The subpoena was addressed to the Records Custodian of petitioner Cranford Silk and not Judy Inman. It was only served on her. It is clear that defendants have served a corporation and seek to have that corporation produce records. Such a procedure is permissible and petitioner Cranford Silk fails to show otherwise. Subpoenas may be directed to a corporation requiring that the corporation designate agents who will testify or produce documents for it. As noted in 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2103 at 372–373 (1970):

> It has long been clear that a subpoena duces tecum may be directed to a corporation in a district in which it is doing business. Rule 30(b), by requiring the corporation to designate who will testify for it, now makes it possible to direct a subpoena ad testificandum to a corporation....

> The new procedure will reduce difficulties that have occurred in the past in designating the proper corporate officer or agent and will avoid the possibility that several officers and managing agents will be deposed in turn and each will disclaim personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.

A subpoena is not defective in form because it is directed to the Custodian of Records. This objection is overruled.

■ The Court has considered that petitioner Cranford Silk may have intended to claim that the subpoena was improperly served. However,

> [s]ervice on an agent of a corporation is sufficient, even though the agent on whom service is made does not have control of the books and records required to be produced, since it is not the agent who is to respond but the corporation, and the agent in such a situation is merely the vehicle for reaching the corporation.

9 Wright & Miller, *supra* § 2461 at 447 (1971); *see also U.S. v. Custodian of Records,* 743 F.Supp. 783, 787 (W.D.Okl.1990) (receptionist). Petitioner has not shown that Judy Inman is not a proper agent for service of the subpoena. It is immaterial that she may not be the Custodian of Records as Cranford Silk argues. Therefore, any implied allegation of improper service is without merit or else waived.

■ Finally, the Court considers petitioner's claim that the records are irrelevant and that it did not have time to obey the subpoena. With respect to relevance, neither side presents much substantive argument explaining their position, as opposed to making conclusory statements. It seems that records relating to plaintiff and its copyrighted decals are either relevant or may lead to relevant material. The Court does not apply a stringent standard in this situation. However, the Court does not understand why the files relating to other furniture makers would be relevant at all and that part of the motion to compel will be denied.

■ The last matter concerns the amount of time given to obey the subpoena. The Court does find, nothing else appearing, that two days is not sufficient time to comply with the subpoena and that petitioner's objections are well taken in that regard. However, rather than quashing the subpoena and forcing defendants to go through extra costs and expenses of service, it will be sufficient that the time for compliance with the subpoena be extended to and including twenty days from the filing of this Order.

---

1. The Court is not forbidding the parties from agreeing to a protective order which will take care of a real and serious confidentiality problem. Defendants have stated they will so cooperate.

## II.

### *Subpoena to Non–Party Law Firm*

■ Next, the Court reviews the objection to the subpoena directed to the non-party law firm of Rhodes, Coats & Bennett and a concomitant motion to quash filed by both plaintiff and the non-party. On November 1, 1993, plaintiff and the non-party law firm filed an objection to the subpoena and a motion to quash. Plaintiff contends that the attorney for the law firm has already submitted to a deposition and produced relevant documents and that the documents withheld would all be privileged and non-disclosable.

The subpoena requests the law firm to produce its files concerning plaintiff's copyright and patent claims. It is directed to the Records Custodian of the law firm. Defendants brought the motion to compel because one of the attorneys, Howard A. McCord, Jr., has been listed as an expert witness for plaintiff. Originally, another member of the firm was also listed as an expert witness but he has now been withdrawn.

Defendants have deposed Mr. McCord as an expert witness. At that deposition, he stated that defendants had been provided all evidence relevant to any opinions about which he may testify. Defendants complain, however, that there may be other documents which relate to this case which have not been produced. Defendants argue that the deponent, who has been involved in this litigation as an attorney from the beginning, is not sufficiently able to differentiate between which materials in his files constitute a basis for his opinion and which do not.[2]

Defendants contend that plaintiff and Mr. McCord have waived any attorney-client privilege or work product protection with respect to any documents which they received, even documents received during the course of the litigation. Plaintiff protests that it has produced all documents in the non-party's files except those documents regarding "conversations between Rhodes, Coats attorneys and plaintiff's counsel regarding trial strategy, the framing of pleadings and the drafting of discovery responses." (Pleading 131 at 26–27) Plaintiff shows that with respect to the documents withheld, it prepared a Privileged Log containing the author, receiver, date and subject of the document. Plaintiff argues that its counsel have discussed with Mr. McCord, the discovery requests in this action, the settlement of other controversies and other matters in the nature of work product or attorney-client privilege.

Defendants argument is that when a party calls an attorney as an expert witness, the party forfeits all attorney-client privilege and/or work product protection with respect to documents in the attorney's possession, citing *Bio–Rad Laboratories, Inc. v. Pharmacia, Inc.*, 130 F.R.D. 116 (N.D.Cal.1990), and *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926 (N.D.Cal.1976). Those cases hold that when attorney work product becomes an issue in the case and the need for disclosure is compelling, the opinions are discoverable. The opinions can become an issue in the case when a party relies on "advice of counsel" in making a claim or defense. These cases are said to weaken the Fourth Circuit's decision in *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975), that opinion work product is nearly, absolutely privileged.

The Court notes that both *Bio–Rad* and *Handgards* come out of the Ninth Circuit.[3] To the extent that defendants opine that the Fourth Circuit has in any way stepped back from its rule that opinion work product enjoys near absolute protection, such forecast is not accurate as it made clear in *Sandberg v.*

---

2. Mr. McCord, in his affidavit, (pleading no. 146), states that he was the one who secured the copyright registration for plaintiff concerning artwork created by a Sherron Candeleria. He claims he talked to her by telephone and determined that she created the original work, he prepared and filed the applications for copyright registration, he also prepared an assignment of rights for Ms. Candeleria's execution. Upon acceptance by the copyright office, he prepared, filed and issued nine copyright registrations for the artwork in question.

3. Both decisions were cited with approval in *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir.1992).

*Virginia Bankshares, Inc.*, 979 F.2d 332, 335 (4th Cir.1992). However, while the Fourth Circuit has not specifically addressed the issue facing the Court in the instant case, it is predicted that if it did, its rule would be somewhat functionally equivalent with that of the Ninth Circuit.

In *In re Martin Marietta Corp.*, 856 F.2d 619, 624 (4th Cir.1988), *cert. denied*, 490 U.S. 1011, 109 S.Ct. 1655, 104 L.Ed.2d 169 (1989), the Fourth Circuit held that when a party makes affirmative use of confidential information, it waives protection of other related confidential information pertaining to the subject matter, including non-opinion work product. *Id.* at 625. This rule does not normally cover opinion work product because in most cases "[t]here is relatively little danger that a litigant will attempt to use a pure mental impression or legal theory as a sword and as a shield in the trial of a case so as to distort the factfinding process." *Id.* at 626. However, in the instant case, plaintiff intends to use its attorney as an expert witness and to use the attorney's opinions as a sword or shield to affect the factfinding process. Therefore, the Court finds the instant situation to be one implicitly recognized by the Fourth Circuit as being an exception to the near inviolability of opinion work product.[4]

A party waives the opinion work product protection of its attorney by naming its attorney as an expert witness. This clearly signals the party's intent to make offensive or defensive use of such opinions. In so doing, the party waives work product protection to the extent that the opinions relate to the subject matter of the opinions about which the expert will testify at trial. Thus, while perhaps not adopting the precise phraseology or exact analytical framework of the court in *Bio–Rad*, this Court eventually comes to the same position as it did.

In *Bio–Rad*, the court permitted deposition of the attorney. However, that has already taken place here and documents which the deponent claims he relied upon for his expert opinion have been produced. Defendants want more. Therefore, defendants' motion and the situation here go beyond that arising in the *Bio–Rad* case.

The Court determines that when a party names its attorney as an expert witness, the witness must produce all documents considered by him or her in the process of formulating the expert opinion, including documents containing opinions. *Mushroom Associates v. Monterey Mushrooms, Inc.*, 25 U.S.P.Q.2d 1304, 1992 WL 442914 (N.D.Cal. 1902) (party named its attorney as the expert witness in patent litigation).

■ A question arises as to what constitutes documents "considered by" the attorney-expert. The definition does not require that all documents from the attorney-expert witness's file be produced. Rather, the waiver only applies to those documents which the expert reviewed at any time and which would be relevant to the formulation of his expert opinion. Opinion documents which could have an influence on the expert opinion could include ones discussing trial strategy, even if the opinions were rejected as a basis for the expert opinion. *Mushroom Associates, supra*. A change of opinion by the expert can be an important fact. *Bio–Rad*, 130 F.R.D. at 123. Such documents are necessary for appropriate cross-examination, *Mushroom Associates, supra*, and should be made available prior to trial because the pretrial deposition of expert witnesses can be used to explore the witnesses' biases. *Bockweg v. Anderson*, 117 F.R.D. 563 (M.D.N.C.1987). On the other hand, documents the attorney reviews in order to provide help in answering discovery requests or to talk about matters

---

4. In *Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.R.D. 127 (M.D.N.C.1989), the court held that when the "activities and advice of counsel" became an issue which is crucial to the matter of resolving claims of bad faith settlement under an insurance contract, this constitutes another exception to the near absolute protection given to opinion work product by the Fourth Circuit. *Id.* at 130. In such instance, it appears that the attorney's very opinions will in some way affect the fact-finding process. *N.F.A. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C.1987) (collecting cases).

There may be other situations as well where the Fourth Circuit might recognize an exception to the near absolute protection given to opinion work product. Waiver perhaps could arise through the crime, fraud exception. *See Parkway Gallery v. Kittinger/Pennsylvania H. Group*, 116 F.R.D. 46, 52 n. 3 (M.D.N.C.1987).

of trial strategy which are completely unrelated to the subject matter of his opinion are not included. Such documents do not fall under the limited waiver of opinion work product material because they do not relate to the subject matter of the expert's opinion.[5]

The Court is unable to provide any decision with respect to whether or not the attorney-expert witness has inappropriately withheld documents. The attorney has not shown that he has produced all the documents which he reviewed or considered in formulating his opinion. Also, while the Court has seen a copy of plaintiff's Privileged Log list, the description of the documents and the briefs of the parties are far too sketchy to permit the Court to render a decision. Rather, the parties need to prepare a *Vaughn* Index in the detail as directed in *Pete Rinaldi's Fast Foods v. Great American Ins.*, 123 F.R.D. 198, 203 (M.D.N.C. 1988); and *Snowden by and through Victor v. Connaught Lab.*, 137 F.R.D. 325, 334 (D.Kan.1991). *See In re Martin Marietta Corp.*, 856 F.2d at 626 (party has duty to segregate opinions out of document and provide detailed help to the court). As a consequence, the subpoena directed to the non-party law firm will not be quashed but neither will defendants' motion to compel be granted. Instead, the non-party law firm is directed to review again the documents in the file with the help of Mr. McCord and disclose those which would fall within the confines of this Order.

With respect to any documents withheld, the non-party and plaintiff shall redact those parts of the documents which contain allegedly protected material and as to them, they shall prepare a *Vaughn* Index. As to the redacted part of the document, in addition to identifying the parties, date and subject matter, plaintiff shall provide a factual summary which puts the document and withheld information in context and an identification and justification of the claim of privilege or protection. Sometimes an Index can be simplified by grouping together documents where a decision on one will cover them all. Thereaf-

ter, if defendants wish, they may renew the motion to compel and make their required showing as to each document or group of documents.

The Court further notes that the parties invite the Court to review *in camera* the over one hundred documents which appear on plaintiff's Privileged Log list of documents. The Court declines the offer at this time. The parties have failed to provide an appropriate *Vaughn* Index with respect to said documents or in some other fashion specifically pointed out to the Court with respect to each document why it is privileged or not privileged so that the matter could be readily determined. Therefore, the motion to compel plaintiff to produce all documents on its Privileged Log is denied without prejudice.

**IT IS THEREFORE ORDERED** that Non–Party Cranford Silk Screen Process, Inc.'s objections (pleading no. 119) to and motion to quash the subpoena (pleading nos. 119 & 130) directed to it are overruled and denied except as to files on furniture manufacturers other than plaintiff, and defendants' motion to compel (pleading no. 128) is granted except as to furniture manufacturers other than plaintiff and the documents shall be produced within twenty (20) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff and Non–Party Law Firm Rhodes, Coats & Bennett's objection to and motion to quash (pleading nos. 120 & 136) the subpoena directed to the law firm is overruled and denied but that defendants' motion to compel (pleading no. 128) is also denied but such denial is without prejudice to defendants again moving to compel further compliance after the Non–Party Law Firm and Attorney McCord have reviewed the documents pursuant to this Order and, if necessary, submit a *Vaughn* Index to defendants, such submission shall be within twenty (20) days from the filing of this Order.

**5.** It may also be that Mr. McCord will be a fact witness. *See* n. 1, *supra*. His papers in dealing with Ms. Candeleria or in procuring the copyright would also seem to fall outside of what would be deemed work product. However, it does not appear that these documents have been withheld. But the matter is not entirely clear to the Court.