**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**NETSCAPE COMMUNICATIONS CORP., Defendant.**

No. CV–00–00026–MHP.

United States District Court,
N.D. California.

April 24, 2000.

Stephen L. Cohen, Federal Trade Commission, Washington, DC, for Federal Trade Commission, plaintiff.

Patrick J. Carome, Wilmer Cutler & Pickering, Washington, DC, for Netscape Communications Corporation, defendant.

*MEMORANDUM AND ORDER*

PATEL, Chief Judge.

Plaintiff Federal Trade Commission ("FTC") seeks documents containing identity information regarding two subscribers of defendant Netscape Communications Corp. Now before the court is the FTC's motion to compel the production of those documents. Based on the parties arguments and submissions, and for the reasons set for below, the court enters the following memorandum and order.

*BACKGROUND*

On September 14, 1999, the FTC filed a civil action in the United States District Court for the Eastern District of Virginia against various defendants, alleging violations of 15 U.S.C. § 45(a), the FTC unfair competition statute. Netscape is not a defendant in that action. On November 1, 1999, the FTC issued a subpoena under this court's auspices to a Netscape officer pursuant to Federal Rule of Civil Procedure 45. The subpoena was part of pretrial discovery in the underlying action. The subpoena sought the production of documents indicating personal information relating to the following e-mail addresses: "kewling@netscape.net" and "hugsandkissamanda@netscape.net." The information the FTC sought from the documents included the account holders' names, addresses, telephone numbers and billing records, and the length and type of service provided to them by Netscape. On November 10, 1999, Netscape's counsel provided the FTC a timely written objection to the subpoena. On February 8, 2000, the FTC filed the instant

motion to compel Netscape to produce account holder identity information regarding the two e-mail addresses.

*DISCUSSION*

Netscape contends that the FTC's subpoena is barred by 18 U.S.C. section 2703(c)(1)(C), part of the Electronic Communications Privacy Act of 1986 ("ECPA"). Section 2703(c)(1)(C) provides in pertinent part that "[a] provider of electronic communication service" shall disclose private customer information to a government entity only in response to "an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena" served by the government entity. 18 U.S.C. § 2703(c)(1)(C). The parties agree that Netscape is a "provider of electronic communication service" within the meaning of the statute. At the hearing on the motion the parties further agreed that section 2703(c)(1)(C) applies to civil cases, even though the statute is drafted in such a manner that clearly anticipates the criminal context. The issue the court must decide, then, is whether the FTC's subpoena, issued during the pre-trial discovery phase of the underlying civil action, constitutes a "trial subpoena" as contemplated by section 2703(c)(1)(C).

The issue appears to be one of first impression. The court's research has yielded no case law interpreting the phrase "trial subpoena" in the context of section 2703(c)(1)(C) and no relevant legislative history. The FTC argues that the court should construe the phrase "trial subpoena" to mean any subpoena issued under Rule 45. Netscape counters that the court should interpret the phrase more narrowly, confining its meaning to trial subpoenas per se, as opposed to pre-trial discovery subpoenas. Netscape contends that Congress purposefully distinguished between trial subpoenas and discovery subpoenas in the statute and omitted discovery subpoenas because they are generally more expansive in scope and are issued before a court has had any opportunity to assess the merits of underlying claims. Trial subpoenas, by contrast, may seek only information admissible at trial and are subject to closer judicial supervision. This ratio-nale, Netscape asserts, comports with one of the underlying purposes of the ECPA, which is to protect subscribers' privacy.

The FTC avers that because the statute explicitly allows government agencies to use administrative subpoenas to obtain subscriber information, Congress must have intended the phrase "trial subpoena" to encompass all Rule 45 subpoenas. Like Rule 45 discovery subpoenas, administrative subpoenas are employed in the discovery setting without significant judicial supervision and often cast a wide net. If Congress had meant to limit section 2703(c)(1)(C)'s reach to "trial-worthy" information procured pursuant only to a trial subpoena, the FTC asks, why would it have explicitly allowed the use of administrative subpoenas? The FTC contends that the subpoena at issue is at least as protective of subscriber privacy as an administrative subpoena would be. Further, it claims, Netscape's narrow interpretation would be disruptive to the trial process as it would force the FTC to confront the responsive information for the first time during the trial, potentially forcing an interruption to cull material.

While both discovery and trial subpoenas trial may be issued under Rule 45, they are not the same thing. The rule addresses the two types of subpoenas in the disjunctive. *See* Fed.R.Civ.P. 45(a)(1)(D). A trial subpoena (ad testificandum, duces tecum, or both) must issue from the court in the district where the trial is held, whereas a pre-trial discovery subpoena for production of documents or attendance at a deposition must issue from the court for the district in which the production or deposition is to occur. *See* Fed.R.Civ.P. 45(a)(1)(D)(2); *see also* 9A Wright & Miller, *Federal Practice and Procedure*, Civil 2d §§ 2456, 2461 (West 1995). While controlled by the same rule, pre-trial discovery subpoenas and trial subpoenas differ in scope and operation and are easily identifiable under the rule as separate entities.

Case law also supports Netscape's position that the two types of subpoenas are separately identifiable. In *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561–62 (S.D.Cal.1999), the court clearly distinguished between discovery and trial subpoenas under Rule 45 in finding that the defen-

dant made an improper attempt to obtain discovery after the cut-off date through the use of a trial subpoena. Similarly, many other courts have made the same distinction in holding that parties cannot circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena. *See, e.g., Alper v. United States,* 190 F.R.D. 281, 283–84 (D.Mass. 2000); *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.,* 177 F.R.D. 443, 443 (D.Minn.1997); *Rice v. United States,* 164 F.R.D. 556, 558 (N.D.Okla.1995). Another court has drawn the distinction in the context of considering its authority to award a party monetary relief to obviate significant expenses in complying with a subpoena. *See Williams v. City of Dallas,* 178 F.R.D. 103, 112–13 (N.D.Tex.1998) ("Williams' subpoenas duces tecum are not trial subpoenas.")

The only case the FTC cites to support its broader construction of the term "trial subpoena" is *In re: Motions of Dow Jones & Co.,* 142 F.3d 496, 503 (D.C.Cir.1998), which refers to the subpoena duces tecum issued to President Nixon as a "trial subpoena." However, that subpoena was issued under Fed. R.Crim.P. 17, not Fed.R.Civ. P. 45, and the *Nixon* case itself makes clear that Rule 17 is not a discovery device, but rather a vehicle by which to obtain compulsory process. *United States v. Nixon,* 418 U.S. 683, 698–99, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The case thus provides scant support for the FTC's position that this court should interpret the phrase "trial subpoena" under section 2703(c)(1)(C) to include discovery subpoenas issued under Rule 45.

The FTC's argument drawing a parallel to the statute's explicit approval of the use of administrative subpoenas is a logical one, and the issue presented is made difficult by the complete lack of case law and legislative history on the use of the phrase "trial subpoena" in section 2703(c)(1)(C) of the ECPA. However, courts have drawn a clear distinction between trial subpoenas and discovery subpoenas under Rule 45. Section 2703(c)(1)(C) also enumerates specific types of subpoenas that government agencies may use to lawfully obtain the type of information

the FTC seeks. The court's adoption of the broad construction of the phrase "trial subpoena," as urged by the FTC, would render those distinctions meaningless. There is no reason for the court to believe that Congress could not have specifically included discovery subpoenas in the statute had it meant to. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (applying maxim of *expressio unius est exclusio alterius* ).

To decide otherwise would effectively allow the FTC to use Rule 45 to circumvent the precautions and protections built into the ECPA to protect subscriber privacy from government entities. *See* 18 U.S.C. §§ 2703(c)(1)(B)(I)–(iv); 2703(d). The court cannot believe that Congress intended the phrase "trial subpoena" to apply to discovery subpoenas in civil cases, thus permitting government entities to make an end-run around the statute's protections through the use of a Rule 45 subpoena. Section 2703(c)(1)(C) is certainly not an exemplar of clear drafting. However, given the weight of the case law and the relevant canons of statutory construction, the court declines the FTC's invitation to interpret the phrase "trial subpoena" as encompassing a discovery subpoena duces tecum issued under Rule 45.

*CONCLUSION*

For the *forgoing reasons, the* FTC's motion to compel the production of documents containing the subscriber information is DENIED.

IT IS SO ORDERED.