**MEDICAL COMPONENTS, INC., Plaintiff,**

v.

**CLASSIC MEDICAL, INC., Defendant.**

**No. 1:02MC00067.**

United States District Court, M.D. North Carolina.

Sept. 27, 2002.

---

John Patrick Haywood, Carruthers & Roth, P.A., Greensboro, NC, Alfred J. Monte, Jr., V. Erik Petersen, Skippack, PA, for plaintiff.

Jeffrey Robert McFadden, Charles A. Burke, Christopher G. Daniel, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for defendant.

### ORDER

ELIASON, United States Magistrate Judge.

#### Case History

Medical Components, Inc. ("MedComp") is a maker of medical devices, including a device called a hemodialysis catheter. According to MedComp, it entered into a Distributorship Agreement with a corporation called Pulse Medical, Inc. That agreement allowed Pulse Medical to be the distributor of MedComp's devices in Florida, North Carolina, and South Carolina. Pulse Medical, in turn, contracted with Classic Medical, Inc. (Classic) to allow Classic to be their sales representative in those territories. MedComp states that the agreement mandated that Classic exert its best efforts to market MedComp's products and not undermine MedComp's distribution efforts.[1]

MedComp alleges that it discovered that Classic, while still a party to the exclusive sales agreement, helped in the design, development, testing, manufacture, and distribution of a competing hemodialysis catheter manufactured by Diatek, Inc, a small company located in Winston–Salem, North Carolina. MedComp also claims that several of Classic's principals hold an interest in Diatek. According to MedComp, Classic's actions constituted a breach of contract. Therefore, it terminated the contract as of

---

1. MedComp attaches the contracts, but fails to point to any language in them which supports that assertion. (The agreement does forbid Pulse Medical from selling products "directly competitive with MEDCOMP products." (Article 10)) MedComp's conclusory assertions in relation to Classic do not establish the relevancy of MedComp's discovery.

September 27, 2001. MedComp then filed suit against Classic in the Eastern District of Pennsylvania for unfair interference with contractual relations, breach of contract, and unfair competition. It also filed suit against Diatek in this district (Case No. 1:01CV1124) for patent infringement associated with its hemodialysis catheter.

As part of the discovery process in the case pending in Pennsylvania, MedComp sought documents relating to the relationship between Classic and Diatek by obtaining a subpoena *duces tecum* upon non-party Diatek. Diatek responded by letter on May 30, 2002, setting out a number of general objections to the subpoena. It claimed that the subpoena was overly broad and unduly burdensome, sought irrelevant information, and sought information protected by attorney-client, work product, and trade secret privileges. The letter also invited MedComp's counsel to call Diatek's counsel and discuss the matter. As far as the record indicates, MedComp refused the offer. Instead, MedComp responded with a letter stating that the claims of privilege necessitated the filing of a privilege log and that such a log should be sent immediately. (Diatek Brf., Ex. 5) When Diatek again requested negotiations to narrow the subpoena and reduce the burden on Diatek, MedComp refused to consider narrowing the subpoena and threatened to file a motion to compel. (*Id.*, Ex. 6) Diatek responded that such a motion should not be filed when no attempt to negotiate a settlement had been made. It also promised to provide a privilege log as soon as it was prepared in the patent case filed in this Court.[2] (*Id.*, Ex. 7) Nevertheless, MedComp did file its motion to compel. That motion has now been fully briefed by the parties.

### Discussion

 MedComp's request that the Court reach the merits of the dispute will be denied because that matter is not ripe for decision. As Diatek points out in its brief responding to the motion, this Court's Local Rule 26.1(c) states that this Court "will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord." Diatek asserts that MedComp did not file such a certificate and, perhaps more importantly, failed to engage in negotiations which would support the filing of a certificate.

The Court finds that Diatek is correct as to both of its assertions. MedComp certainly did not file a certificate pursuant to Local Rule 26.1(c) at the time it filed its motion. Further, through its letters, it refused to even negotiate with Diatek despite Diatek's requests that such negotiations take place. Accordingly, MedComp's counsel did not engage in "diligent attempts" to reach a settlement of the discovery dispute. Instead, they simply failed to budge from their initial position in any way and failed to even discuss a way to work out a solution. This course of action meets neither the letter nor the spirit of the Local Rule.[3]

Perhaps even more baffling than MedComp's failure to comply with Local Rule 26.1(c) is its reaction to Diatek's argument that it failed to comply. MedComp filed a reply brief stating, in part, that Local Rule 26.1 does not apply to the present dispute because the rule was "not intended to apply to discovery disputes between a party and a non-party." MedComp points out that Local Rule 26.1 often references "party" or "parties" and, in particular, subsection (c) refers to "differences between the parties." It reasons that Local Rule 26.1(c) only "deals with the details of actual cases filed within [this district]." (Reply at 4) MedComp fails to explain where it obtained this notion of an "actual" case. Moreover, this interpretation is flatly inconsistent and contrary to the broad interpretation which must be given to all of the rules under Local Rule 1.1, which states

---

2. Diatek felt that the log would cover the subpoenaed documents as well as documents requested in the patent case.

3. Diatek claims in its brief that MedComp's subpoena, motion, and patent suit are all part of an effort by a large company to destroy a much smaller, but possibly competitive company. Although MedComp vehemently uses words to deny this accusation, it must be said that none of its actions, as set out in this Order, call Diatek's assertions into question.

that "[t]hese rules shall govern the procedure and practice in *all proceedings* before this court" (emphasis added) and Local Rule 1.2 which mandates that "[t]hese rules shall be construed and enforced in such manner as to avoid technical delay, encourage civility, permit just and prompt determination of all proceedings, and promote the efficient administration of justice."

Furthermore, MedComp's own actions are arguably inconsistent with its interpretation. For example, it explicitly makes a point of noting that it filed both its motion in support of its brief and its reply brief under Local Rules 7.2 and/or 7.3. Yet, both of these rules use the term "party" at various points. The Court finds MedComp's arguments to be insubstantial at best.

Local Rule 26.1 is labeled "Differentiated Case Management and Discovery." The rule does not differentiate between discovery conducted under Fed.R.Civ.P. 26 through 37 and that conducted under Rule 45. In the former set of rules, Rule 37(a)(2) requires a certification that the parties have first attempted to informally settle discovery disputes before a motion is filed. Rule 45 does not have such an explicit provision. However, the requirement is implicit in Rule 45(c)'s requirement that the subpoenaing party must take "reasonable steps to avoid imposing undue burden or expense."

In some districts, and in particular, the District of Kansas, the local rules explicitly provide for a discovery certification with respect to Rule 45 subpoenas. *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620 (D.Kan.1999). Our Court does not have such an explicit provision. However, it has long been the practice of this Court to require a discovery certification with respect to discovery motions filed pursuant to Rule 45. In fact, in a case from this Court cited by MedComp, it was made quite clear in a matter involving a Rule 45 subpoena that the Court expected a discovery conference

with respect to discovery disputes arising under Rule 45. *Byrnes v. Jetnet Corp.,* 111 F.R.D. 68, 73 (M.D.N.C.1986) (delay in filing motion to compel excused in part because counsel was attempting to resolve the matter out of court pursuant to Local Rule 205(c), the Court certification requirement under the previous local rules.) Therefore, this Court's position requiring discovery conferences and a certification for Rule 45 disputes is amply clear for even outside attorneys to know. Moreover, in the instant case, MedComp has local counsel available who should have informed MedComp of this Court's expectations and construction of its Local Rules.[4] Consequently, the Court finds that MedComp had ample notice of the discovery certification required by this Court's Local Rules and its applicability to Rule 45 proceedings.

MedComp's belated attempt to comply with Local Rule 26.1(c) does not alter the situation. MedComp submitted its certificate only after receiving notice of its noncompliance from the Clerk's Office. This certificate was not filed until after the motion had been fully briefed by both parties. Even in the certificate itself, MedComp still insists that the certificate is not necessary. This late and begrudgingly filed certificate does not satisfy Local Rule 26.1(c), and the certificate has no impact on this decision. Local Rule 26.1(c) requires that the certificate be filed with the motion, not a month and a half later. Further, two judges in this Court have held in slightly different situations that late submissions will not be considered absent excusable neglect. *See Marshall v. Pilkington North America, Inc.,* No. 1:01CV00508 (M.D.N.C. Sept. 10, 2002), *citing, Virginia Mortgage Co. v. United States of America,* No. 1:97CV01122, 1998 U.S.Dist. Lexis 13359 (M.D.N.C. Aug. 12, 1998). In both of these cases, this Court refused to accept late responses to dispositive motions.

---

4. On the matter of local counsel, the Court notes that local counsel signed the reply brief and other papers in which MedComp makes its argument that the Court's negotiation requirement does not apply to it. Under Local Rule 83.1(d)(1), local counsel had the obligation to be familiar with those pleadings and to be responsi-

ble for their contents. Whether local counsel failed to read the pleadings before signing them or failed to disabuse out-of-state counsel of their reading of the Local Rules, the Court is disappointed and would not expect such conduct to occur again in the future.

In the instant case, timely compliance with Local Rule 26.1(c) is not only mandatory, but essential to the discovery process in order to avoid unnecessary burden to the opposing party and the Court.[5] MedComp has failed to offer any excuse for its conduct, except the advancement of its defiant and erroneous legal position. Consequently, the Court will not consider the late certificate as putting MedComp into compliance with this Court's Local Rules.[6]

■ Having found that Local Rule 26.1(c) does apply to Rule 45 proceedings and that MedComp failed to comply with it, the Court must now decide on a remedy for Med-Comp's actions. MedComp has argued that the Court should not refuse to consider its motion due to its "minor technical rules infraction." The Court rejects this argument for two reasons. First, the violation is major and substantive, rather than minor and technical. Second, the remedy for the violation is contained in Local Rule 26.1(c) itself which states that the Court *"will not* consider motions" filed without the required certification. This language is mandatory and, even if it were discretionary, the Court would not hear the motion to compel in this case given the

harmful and egregious nature of MedComp's actions and its steadfast and willful refusal to accept the obligations imposed explicitly by Local Rule 26.1(c) and implicitly by Fed. R.Civ.P. 45(c).[7] Therefore, the motion to compel will be denied.[8]

■ There is the additional matter of sanctions which must be addressed. Rule 45(c) of the Federal Rules of Civil Procedure requires that a party or attorney responsible for issuing a subpoena not make it unreasonably burdensome on the party being subpoenaed. The Rule also allows the Court to enforce this duty by imposing sanctions, including attorney's fees for any breach of the duty. Here, for all of the reasons set out above, MedComp has breached its duty and unreasonably imposed a substantial and unnecessary burden on Diatek and this Court. Consequently, the Court will order that it pay attorneys' fees to Diatek for time expended in opposing the motion to compel.

Although the Court is denying MedComp's motion to compel without reaching the merits, the Court has obviously, but unfortunately, had to review all documents submitted to it regarding the motion. Several points are worth noting. The most significant of these

5. As aptly stated by the court in *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan.1999): "This conference requirement encourages resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must address a dispute that the parties could and should have resolved, it needlessly expends resources better applied elsewhere." That describes the situation before this Court. When Diatek responded to the motion, it expanded on its objections and proposed certain limitations. MedComp agreed to many of these limits in its reply brief. This significantly narrowed the dispute. Nevertheless, the Court was forced to read many irrelevant pages before the Court could attempt to ascertain the parties' agreement. Second, Diatek is a non-party. Rule 45(c) of the Federal Rules of Civil Procedure specifically imposes on MedComp a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [the] subpoena."

6. The Court also notes that even if it were to consider the certificate as properly filed, it could not give weight to it. As set out previously, no matter what the certificate states, MedComp did not negotiate in good faith prior to filing its motion to compel. Therefore, although the certif-

icate might meet the letter of the Local Rules, it does not satisfy the spirit of the rule which has been violated in a major way. The obviousness of this problem is underscored by portions of the affidavit supporting the certificate which detail negotiations carried on after the motion to compel was filed, not before, as is the goal of Local Rule 26.1(c).

7. Along with its proposed certificate, MedComp filed a motion for expedited resolution of its motion to compel. This motion fails to meet the requirements of Local Rule 26.1(d) regarding expedited resolution of discovery matters and Local Rule 7.3(a) which requires that motions and briefs be set out in separate pleadings. These are apparently other sections of the Local Rules that MedComp has decided do not apply to it. It is once again incorrect. Also, even as a matter of common sense and practical use of judicial resources, the motion fails because, while its sets out reasons supporting oral argument in the matter, it does not give any reasons why any such hearing should be expedited. The motion for expedited hearing is stricken.

8. The denial is without prejudice. Diatek did not file a motion to quash the subpoena. *See* Fed. R.Civ.P. 45(c)(3).

is that the subpoena appears overbroad on its face and many of Diatek's objections and its proposed limitations appear well founded. MedComp was wise to accept them to the extent that it did. Also, the subpoena likely does ask for privileged materials. According to the parties, a privilege log regarding those documents should exist soon, if it has not already been completed as of the entry of this Order. The disclosure of this log to MedComp should allow for further negotiations. Third, it is fairly apparent that a protective order or orders will be needed regarding both the privileged documents in this case and the same documents which are likely to be produced in the patent case pending in this district. The parties are encouraged to contact each other and negotiate such an order. Fourth, although Diatek may be a party to the patent litigation in this Court, it is not a party to the litigation in Pennsylvania. MedComp apparently wants to conduct its discovery in the Pennsylvania action through a non-party located in this district. Given its breadth, the subpoena as issued by MedComp may impose a substantial burden on a nonparty—a situation not normally acceptable.[9] Although it appears that many or all of the parties' disputes are either solved or solvable in the near future, it is entirely possible that, after honest, good faith negotiations, disputes may still exist. Nothing in this Order should be construed as preventing MedComp from filing a renewed motion to compel after it has fully complied with the Court's Local Rules.

**IT IS THEREFORE ORDERED** that Medical Component, Inc.'s ("MedComp's") motion to compel and for sanctions (docket no. 1) is denied without prejudice and that non-party Diatek, Inc. is entitled to attorney fees from MedComp.

**IT IS FURTHER ORDERED** that MedComp's belated Local Rule 26.1(c) certificate (docket no. 7), and MedComp's motion for expedited resolution (docket no. 8) be, and the same hereby are, stricken for failure to comply with this Court's Local Rules.

---

**9.** MedComp argues that a non-party cannot avoid the burden of a subpoena even if the documents are just as readily available from other sources. It cites *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 73 (M.D.N.C.1986). While there is language in that opinion supporting MedComp's proposition, several matters must be clarified. First, in *Byrnes*, during the course of the subpoena, the non-party became a third-party defendant in the action and, therefore, no longer was a non-party. Thus, the Court's language cited by MedComp is dicta. Second, in *Byrnes*, the Court also determined that the subpoenaed party had the originals of directly relevant documents which would be used in the pending litigation. Third, Fed.R.Civ.P. 45 has since been amended and Rule 45(c) makes it quite clear that the subpoenaing party has a duty to take steps to avoid imposing undue burden or expense on a subpoenaed non-party and that the Court must enforce that duty.

The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs. *In re Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) (collecting cases); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir. 1993) (court may require discovery from a party before burdening a non-party); *Echostar Communications Corp. v. News Corp., Ltd.*, 180 F.R.D. 391, 394 (D.Colo.1998) (status of being non-party is a factor in balancing competing needs).