## In re SUBPOENA DUCES TECUM TO AOL, LLC.

### No. 1:07mc34 (GBL).

United States District Court,
E.D. Virginia,
Alexandria Division.

April 18, 2008.

Ellen D. Marcus, Zuckerman Spader LLP, Washington, DC, for Movant.

Theodore Ira Brenner, Alexander Spotswood de Witt, Brenner Evans & Millman PC, Richmond, VA, for Defense.

### MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on State Farm Fire and Casualty Co.'s Objections to Magistrate Judge Poretz's Order, entered on November 30, 2007, quashing State Farm's subpoena to AOL, LLC. This case concerns Cori and Kerri Rigsby's claims that State Farm's subpoena issued to AOL violated the Electronic Communications Privacy Act ("Privacy Act"), codified as 18 U.S.C. §§ 2701–03 (2000), imposed an undue burden on the Rigsbys, and requested e-mails from the Rigsbys that were protected by the attorney-client privilege. The issue before the Court is whether Magistrate Judge Poretz clearly erred by granting the Rigsbys' Motion to Quash, where State Farm's civil discovery subpoena requested: (1) production of the Rigsbys' e-mails from AOL; (2) all of Cori Rigsby's e-mails from a six-week period; and (3) information relevant to *McIntosh v. State Farm Fire & Casualty Co.*, subject to the Rigsbys' attorney-client privilege claims. The Court upholds Magistrate Judge Poretz's decision quashing State Farm's subpoena, and holds that it was not clearly erroneous for the following reasons: (1) the Privacy Act prohibits

AOL from producing the Rigsbys' e-mails in response to State Farm's subpoena because a civil discovery subpoena is not a disclosure exception under the Act; (2) State Farm's subpoena imposes an undue burden on the Rigsbys because the subpoena is overbroad and the documents requested are not limited to subject matter relevant to the claims or defenses in *McIntosh*; and (3) the Southern District of Mississippi is better suited to decide whether the information relevant to *McIntosh* is privileged because no action is pending in this Court. Thus, Magistrate Judge Poretz's Order is affirmed.

## I. BACKGROUND

Cori and Kerri Rigsby are non-party witnesses in *McIntosh v. State Farm Fire & Casualty Co.*, an action pending in the Southern District of Mississippi. No. 1:06cv1080 (S.D. Miss. filed Oct. 23, 2006). The Rigsbys were employed as insurance adjusters by E.A. Renfroe and Co. ("E.A. Renfroe") and discovered what they believed to be fraud with respect to State Farm's treatment of Thomas and Pamela McIntosh's Hurricane Katrina damage claim.[1] The Rigsbys provided supporting documents to state and federal law enforcement authorities and filed a *qui tam* action, *United States ex rel. Rigsby v. State Farm Insurance Co.*, in the Southern District of Mississippi, alleging that State Farm defrauded the United States Government by improperly shifting costs from State Farm's wind damage coverage to the federal flood insurance program. No. 1:06cv433 (S.D. Miss. filed Apr. 26, 2006).

In the course of discovery litigation related to *McIntosh*, State Farm issued a subpoena through this Court to AOL, requesting production of documents from the Rigsbys' e-mail accounts pertaining to Thomas or Pamela McIntosh, State Farm Fire & Casualty Co.'s claims handling practices for Hurricane Katrina, Forensic Analysis & Engineering Corporation's documents for Hurricane Katrina, and E.A. Renfroe & Co.'s claims handling practices for Hurricane Katrina over a ten-month period.[2] State Farm's subpoena also requested any and all documents, including electronically stored information, related to Cori Rigsby's e-mail account or address from September 1, 2007, to October 12, 2007, a six-week period where Cori Rigsby and her attorneys allegedly concealed from State Farm that her computer had crashed.[3] In a letter dated November 1, 2007, the Rigsbys requested that State Farm withdraw the subpoena directed to AOL (Pet'r Mem. in Supp. Ex. C), and State Farm declined. (Pet'r Mem. in Supp. 1.) The Rigsbys then moved to quash State Farm's subpoena, claiming

---

1. E.A. Renfroe is a state Farm contractor.

2. State Farm alleges that the Rigsbys admitted to: (1) stealing approximately 15,000 confidential documents from a State Farm laptop computer provided to the Rigsbys when they worked for E.A. Renfroe; (2) forwarding the stolen information via e-mail to the Rigsbys' personal AOL accounts; and (3) providing the stolen information to attorney Dickie Scruggs, who used the stolen information to file hundreds of lawsuits against State Farm, including McIntosh. In *McIntosh*, Magistrate Judge Walker ruled that "State Farm is entitled to Know the basis for the Rigsbys' charges of wrongdoing," and ordered the Rigsbys "to produce the requested documents within their actual or constructive possession" to State Farm. (Order on Mot. to Compel 5, Oct. 1, 2007).

3. In this Court, State Farm asserts that the Rigsbys can not comply with the Southern District of Mississippi's court order because the Rigsbys' home computer crashed. However, in *McIntosh*, Magistrate Judge Walker granted State Farm permission to have Cori Rigsby's computer examined by a court-selected expert to retrieve documents from the computer's hard drive. (Order on Mot. to Clarify, Nov. 19, 2007).

that the subpoena violated the Privacy Act, was overbroad and unduly burdensome, and requested production of e-mails that included privileged communications. (Pet'r Mem. in Supp. 1–2.)

On November 30, 2007, in a hearing conducted by Magistrate Judge Poretz, the court held that: (1) the Rigsbys have standing to object to the disclosure of their personal records; and (2) the information sought by State Farm through its subpoena to AOL was relevant to the claims or defenses asserted in the underlying action and within the permissible scope of discovery, subject to any claim of privilege by the Rigsbys. Magistrate Judge Poretz declined to decide whether any of the information sought was privileged, or whether any exceptions or waiver applied to the privilege claims, finding that the presiding judge in the Southern District of Mississippi was in a better position to make a ruling on the asserted privilege. Magistrate Judge Poretz granted the Rigsbys' Motion to Quash "for the reasons set forth in the . . . [Rigsbys'] Memorandum in Support." (Order, Nov. 30, 2007.) State Farm subsequently filed Objections to Magistrate Judge Poretz's Order.[4]

## II. DISCUSSION

### A. Standard of Review

When a magistrate judge issues a written order deciding a pretrial matter that is not dispositive of a party's claim or defense, the parties may file timely objections to the order. Fed.R.Civ.P. 72(a). The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(a) (2000); Fed.R.Civ.P. 72(a).

### B. Analysis

#### 1. The Privacy Act

■■■ The Court upholds Magistrate Judge Poretz's Order, quashing State Farm's subpoena, because the plain language of the Privacy Act prohibits AOL from producing the Rigsbys' e-mails, and the issuance of a civil discovery subpoena is not an exception to the provisions of the Privacy Act that would allow an internet service provider to disclose the communications at issue here. In cases involving statutory construction, the court must presume that Congress expressed its intent or legislative purpose through the ordinary meaning of the words used. *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). To ascertain legislative intent, the court must look at the statute as a whole, rather than analyzing a single sentence or a single word within a sentence. *Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs*, 480 F.3d 278, 293 (4th Cir.2007). When the words of a statute are clear and unambiguous, the court's inquiry ends and the statutory language must be regarded as conclusive. *Am. Tobacco Co.*, 456 U.S. at 68, 102 S.Ct. 1534.

The statutory language of the Privacy Act must be regarded as conclusive because it contains plain and unambiguous language and a coherent and consistent statutory scheme. Section 2701 clearly establishes a punishable offense for intentionally accessing without or exceeding authorization and obtaining electronic communications stored at an electronic communication service facility. 18 U.S.C. § 2701 (2000). Section 2702 plainly prohibits an electronic communication or remote computing service to the public from knowingly divulging to any person or en-

---

4. State Farm did not object to Magistrate Judge Poretz's finding regarding the Rigsbys' standing to object to disclosure of their personal records. (Resp't Objections.)

tity the contents of customers' electronic communications or records pertaining to subscribing customers. *Id.* § 2702(a). Additionally, § 2702 lists unambiguous exceptions that allow an electronic communication or remote computing service to disclose the contents of an electronic communication or subscriber information. *Id.* § 2702(b-c). Section 2703 provides instances related to ongoing criminal investigations where a governmental entity may require an electronic communication or remote computing service to disclose the contents of customers' electronic communications or subscriber information. *Id.* § 2703. Protecting privacy interests in personal information stored in computerized systems, while also protecting the Government's legitimate law enforcement needs, the Privacy Act creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by "unauthorized private parties," S.Rep. No. 99–541, at 3 (1986), as *reprinted in* 1986 U.S.C.C.A.N. 3555, 3557.

In *Theofel v. Farey–Jones,* the court reversed the district court's dismissal of the plaintiffs' claim that the defendants intentionally accessed without authorization the plaintiffs' e-mails in violation of the Privacy Act, where the defendants issued a subpoena to the plaintiffs' internet service provider to obtain the plaintiffs' stored e-mails during the course of civil discovery. 359 F.3d 1066, 1071–72, 1077 (9th Cir.2004). After the internet service provider complied with the subpoena, the defendants read the plaintiffs' e-mails, including many that were privileged, personal, and unrelated to the commercial litigation between the parties. *Id.* at 1071. In the course of evaluating the claim, the court emphasized that the Privacy Act protects users whose electronic communications are stored with an internet service provider and reflects Congress's judgment that users have a legitimate interest in the

confidentiality of communications stored at such a facility. *Id.* at 1072–73. The court found that the subpoena was invalid because it "transformed ... a bona fide state-sanctioned inspection into private snooping." *Id.* at 1073. Because the invalid "subpoena caused disclosure of documents that otherwise would have remained private," the court held that the invalid subpoena invaded " 'the specific interests that the [Privacy Act] seeks to protect.' " *Id.* at 1073–74 (quoting *J.H. Desnick, M.D., Eye Serv., Ltd. v. ABC,* 44 F.3d 1345, 1352 (7th Cir.1995)).

Similarly, in *Federal Trade Commission v. Netscape Communications Corp.,* the court denied the Federal Trade Commission's ("FTC") motion to compel, where an internet service provider, a non-party in the underlying action, refused to turn over documents containing subscriber identity information to the FTC. 196 F.R.D. 559, 559, 561 (N.D.Cal.2000). The FTC filed a civil lawsuit against the subscribers for violating the FTC unfair competition statute. *Id.* at 559. During pre-trial discovery, the FTC issued a subpoena to the internet service provider pursuant to Federal Rule of Civil Procedure 45. *Id.* at 559. The court distinguished discovery subpoenas from trial subpoenas based on differences in scope and operation and concluded that Congress would have specifically included discovery subpoenas in the Privacy Act if Congress meant to include this as an exception requiring an internet service provider to disclose subscriber information to a governmental entity. *Id.* at 560–61. The court held that the statutory phrase "trial subpoena" does not apply to discovery subpoenas in civil cases and declined to allow the FTC to use Rule 45 to circumvent the protections built into the Privacy Act that protect subscriber privacy from governmental entities. *Id.* at 561.

In *O'Grady v. Superior Court*, the Court of Appeal of the State of California, Sixth Appellate District, held that enforcement of a civil subpoena issued to an e-mail service provider is inconsistent with the plain terms of the Privacy Act. 139 Cal. App.4th 1423, 44 Cal.Rptr.3d 72, 76–77 (2006). Apple brought a civil action against several unknown defendants for wrongfully publishing on the World Wide Web Apple's secret plans to release a new product. *Id.* at 76. To identify the unknown defendants, Apple issued civil discovery subpoenas to non-party internet service providers, requesting copies of any e-mails that contained certain keywords from the published secret plans. *Id.* at 81. When considering whether the trial court should have quashed the subpoenas, the appellate court analyzed the language of the Privacy Act and found it to be clear and unambiguous. *Id.* at 84, 86–87. The court also found that any disclosure by an internet service provider of stored e-mail violates the Privacy Act unless it falls within an enumerated exception to the general prohibition. *Id.* at 86. Emphasizing the substantial burden and expense that would be imposed on internet service providers if they were required to respond to every civil discovery subpoena issued in a civil lawsuit and how such a policy may discourage users from using new media, the court refused to create an exception for civil discovery and found the subpoenas unenforceable under the Privacy Act. *Id.* at 88–89.

■ Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas. Like the FTC in Netscape, State Farm insists that a facially valid subpoena *duces tecum* issued under Federal Rule of Civil Procedure 45 fits within the Privacy Act's recognized exceptions under § 2703. However, unlike the FTC in *Netscape*, State Farm argues that all Rule 45 subpoenas fit within the exception for disclosures pursuant to a court order. The Court finds State Farm's argument unpersuasive because § 2703 pertains exclusively to *criminal* investigations, not civil discovery matters such as this. Because State Farm is a private party and this is a civil lawsuit, none of the exceptions for governmental entities under § 2703 apply. Furthermore, agreeing with the reasoning in *Netscape*, the Court holds that "unauthorized private parties" and governmental entities are prohibited from using Rule 45 civil discovery subpoenas to circumvent the Privacy Act's protections.

State Farm has issued a subpoena to the Rigsbys' internet service provider that resembles the subpoena at issue in *Theofel* because it seeks to obtain copies of the Rigsbys' e-mails in the course of discovery for a civil lawsuit. Similar to the plaintiffs in *Theofel*, the Rigsbys seek to protect the privacy of their e-mails, asserting that they are privileged, personal, and unrelated to the civil lawsuit. In line with the court's reasoning in *Theofel*, the Court finds that the Privacy Act protects the Rigsbys' stored e-mails because the Rigsbys have a legitimate interest in the confidentiality of their personal e-mails being stored electronically by AOL. Agreeing with the reasoning in *O'Grady*, this Court holds that State Farm's subpoena may not be enforced consistent with the plain language of the Privacy Act because the exceptions enumerated in § 2702(b) do not include civil discovery subpoenas. Furthermore, § 2702(b) does not make any references to civil litigation or the civil discovery process. For the foregoing reasons, Magistrate Judge Poretz did not

clearly err when he found that the Privacy Act prohibits AOL from producing the Rigsbys' e-mails in response to State Farm's subpoena because the Privacy Act's enumerated exceptions do not authorize disclosure pursuant to a civil discovery subpoena.

### 2. Undue Burden

The Court upholds Magistrate Judge Poretz's Order, quashing State Farm's subpoena, because the subpoena is overbroad to the extent that it does not limit the documents requested to subject matter relevant to the claims or defenses in *McIntosh* and imposes an undue burden on the Rigsbys. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R.CIV.P. 45(c)(1). A court must quash or modify a subpoena that subjects a person to an undue burden. FED. R. CIV. P. 45(c)(3)(A)(iv). When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome. *Vaughan Furniture Co. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125 (M.D.N.C.1994). A subpoena imposes an undue burden on a party when a subpoena is overbroad. *Theofel*, 359 F.3d at 1071–72.

In *Theofel*, the defendant sought access to the plaintiffs' e-mails by issuing a subpoena to the plaintiff's internet service provider in the course of discovery related to commercial litigation between the parties. 359 F.3d at 1071. The defendant's subpoena "ordered production of 'all copies of e-mails sent or received by anyone' . . . with no limitation as to time or scope." *Id.* After the internet service provider produced 339 messages, many of which were unrelated to the litigation, privileged or personal, the plaintiffs asked the court to quash the subpoena. *Id.* Finding that the

subpoena was "massively overbroad," "patently unlawful," and violated the Federal Rules, the magistrate judge quashed the subpoena and awarded sanctions. *Id.* at 1071–72. The plaintiffs subsequently sued the defendant and the defendant's attorney for violating the Privacy Act based on the internet service provider's disclosure of the plaintiffs' e-mails. *Id.* at 1072. On appeal, the court reversed the dismissal of the plaintiffs' Privacy Act claim, emphasizing that the defendant's attorney was supposed to avoid imposing an undue burden on the internet service provider and that the subpoena should have requested only e-mail related to the subject matter of the litigation, messages sent during some relevant time period or messages sent to or from employees in some way connected to the litigation. 359 F.3d at 1071, 1079. The court also emphasized that the subpoena was properly quashed because it imposed an undue burden on the internet service provider by being overbroad and requesting all of the parties e-mails. *Id.*

Similar to the subpoena in *Theofel*, State Farm's subpoena must be quashed because it imposes an undue burden on the Rigsbys by being overbroad and requesting "all" of Cori Rigsby's e-mails for a six-week period. Like the subpoena in *Theofel*, State Farm's subpoena is overbroad because it does not limit the e-mails requested to those containing subject matter relevant to the underlying action or sent to or from employees connected to the litigation, other than Cori Rigsby. Although State Farm limited the e-mails requested to an allegedly relevant six-week period, in contrast to the subpoena in *Theofel* that requested e-mails without any time period limitation, State Farm's subpoena remains overbroad because the e-mails produced over a six-week period would likely include privileged and personal information unrelated to the *McIntosh* litigation, imposing an undue burden on Cori Rigsby. Thus,

Magistrate Judge Poretz did not clearly err when he found that State Farm's subpoena was overbroad and imposed an undue burden on Cori Rigsby because State Farm's subpoena did not limit the documents requested to subject matter relevant to *McIntosh*.

### 3. *Privilege*

█ The Court upholds Magistrate Judge Poretz's decision to decline making a determination with respect to the assertion of privilege by the Rigsbys because the Court agrees that the presiding judge in the Southern District of Mississippi is in a better position to make a ruling on the asserted privilege. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED.R.CIV.P. 26(b)(1). When a party withholds information by claiming that it is privileged or subject to protection as trial preparation material, the party must expressly make the claim and describe the nature of the documents or communications not produced in a manner that does not reveal the privileged or protected information, but enables other parties to assess the applicability of the privilege or protection. FED. R.CIV.P. 26(b)(5)(A). Upon motion by a party or a non-party from whom discovery is sought, the court *in which the action is pending* may make an order protecting a party from "annoyance, embarrassment, oppression, undue burden or expense" by prohibiting or limiting discovery. FED. R.CIV.P. 26(c) (emphasis added). If the motion for a protective order is denied, the court may order a party or non-party to provide or permit discovery. *Id.*

The Rigsbys contend that their personal e-mail accounts likely contain communications with their attorneys related to pending litigation where the Rigsbys are parties or witnesses, including the *McIntosh* litigation in the Southern District of Mississippi. Because State Farm's subpoena requests information relevant to the claims or defenses available to the parties in *McIntosh*, the district court in Mississippi is better posed to evaluate the Rigsbys' privilege claim. Whereas State Farm's subpoena at issue here is the only pending litigation involving the parties in the Eastern District of Virginia. While acknowledging State Farm's argument that the Rigsbys did not allege sufficient facts or provide a privilege log to support an assertion of privilege, this Court declines to reach the merits of the privilege claim because the Mississippi district court in which the action is pending is better suited to decide whether the information relevant to *McIntosh* is privileged based on their familiarity with the underlying litigation.[5] Thus, Magistrate Judge Poretz did not clearly err when he declined to evaluate

---

5. The district court in Mississippi could require the Rigsbys to create a privilege log and disclose this log to State Farm for further negotiations. *See Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 179–80 (M.D.N.C.2002) (discussing creation and disclosure of a privilege log to further negotiations between the parties, where the subpoena appeared overbroad on its face and likely asked for privileged materials). In the alternative, the district court in Mississippi could order the Rigsbys to consent to AOL's disclosing the contents of their e-mails under the pain of sanctions. FED.R.CIV.P. 37; *O'Grady*, 44 Cal.Rptr.3d at 88. Furthermore, the dis-

trict court in Mississippi could conduct an in camera review of the documents that State Farm requested from AOL. *See Hohenwater v. Roberts Pharm. Corp.*, 152 F.R.D. 513, 515 (D.S.C.1994) (conducting an in camera review and finding that both the attorney-client privilege and the work product privilege apply to the documents at issue). But *see Vaughan*, 156 F.R.D. at 125 (declining in camera review of the parties' documents where the parties' failed to provide in their privilege log a *Vaughan* index or specific points regarding why each document was or was not privileged).

the Rigsbys' privilege claim on the merits because the Southern District of Mississippi is better posed to determine whether the Rigsbys' information requested by State Farm's subpoena is privileged as it pertains to claims and defenses associated with pending litigation in that jurisdiction.

## III. CONCLUSION

The Court affirms Magistrate Judge Poretz's Order and finds that it was not clearly erroneous for three reasons: (1) the plain language of the Privacy Act prohibits AOL from producing the Rigsbys' e-mails in response to State Farm's subpoena because a civil discovery subpoena is not a disclosure exception under the Privacy Act; (2) State Farm's subpoena imposes an undue burden on the Rigsbys because the subpoena is overbroad and does not limit the documents requested to subject matter relevant to the claims or defenses in *McIntosh*; and (3) the Southern District of Mississippi is better posed to decide whether the Rigsbys' information relevant to the claims and defenses in *McIntosh* is privileged because the action is pending in their court, and no action is pending in this Court. For the foregoing reasons, it is hereby

ORDERED that Magistrate Judge Poretz's Order quashing State Farm's subpoena to AOL is AFFIRMED.

The Clerk is directed to forward a copy of this Order to counsel of record.